IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01273-BNB

IVAN JONES,

    Plaintiff,

v.

JIM PETERS (Parole Board Member), previously JOHN DOE,
TOM WATERS (Parole Board Member), previously JAMES DOE, and
GEORGE DOE (Parole Board Member),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Ivan Jones, alleges that he is on parole. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), and an amendment to the complaint. He asked for injunctive relief and money damages. He also appeared to be challenging the execution of his parole. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On June 12, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Jones to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On July 7, 2009, Mr. Jones filed an amended complaint for money damages pursuant to 42 U.S.C. §§ 1983 and 1985, and pursuant to 28 U.S.C. § 1343(a)(3).

Mr. Jones has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the amended complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous because it seeks monetary relief against a defendant immune from such relief.

Mr. Jones is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Jones is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Jones apparently is attempting to challenge the execution of his parole by attacking the parole board hearings held on his alleged parole violations for failure to follow directive, escape, and failure to return, and by suing the individual parole board members who presided at those hearings. It does not appear that his parole was revoked based upon any of the alleged parole violations. Although Mr. Jones's amended complaint is not the model of clarity, the Court has attempted to summarize

his claims below.

As his first claim, Mr. Jones alleges that he appeared before the state parole board in February 2007. He further alleges that Jim Peters presided at the hearing. He contends that Mr. Peters was deliberately indifferent to the brutality allegedly inflicted upon him on January 10, 2007, when he contends he falsely was accused of resisting arrest. He fails to specify what brutality was inflicted upon him or by whom.

As his second claim, he alleges that after he had been in jail for four months and the false charge of resisting arrest was dismissed on April 18, 2007, he appeared before the state parole board on April 26, 2007, on a parole violation for failure to follow directive for missing a mental-health appointment. He further alleges that Tom Waters presided at the hearing, and that he was found guilty as charged, despite the fact that he argued he lacked transportation and Denver had experienced a blizzard, making him unable to keep the appointment. He alleges that he was sent to a community correctional facility (CCC) in May 2007, and that being charged with escape was the direct result of being placed in a CCC.

As his third claim, he alleges that he appeared before the state parole board on September 18, 2007, apparently on a charge of escape. He further alleges that George Doe presided at the hearing, that he was found not guilty of the escape charge, and that he then was charged with failure to return.

Mr. Jones may not sue Colorado Parole Board members, Messrs. Peters, Waters, and Doe, for money damages. These Defendants enjoy absolute immunity from suit for damages because they were acting in their official capacity as members of the Colorado Parole Board. **See Malek v. Haun**, 26 F.3d 1013, 1015 (10th Cir. 1994);

3

see also *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). In addition, the Court notes that Mr. Jones has no right to parole. The United States Constitution does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Accordingly, it is

ORDERED that the amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous because they seek monetary relief against a defendant immune from such relief.

DATED at Denver, Colorado, this 29 day of July, 2000.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01273-BNB

Ivan Jones
Prisoner No.  88926
P.O. Box 0112
Aurora, CO 80040

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  7/30/09

                                 GREGORY C. LANGHAM, CLERK

                                 By: _____
                                          Deputy Clerk